16-2015-CA-006898-XXXX-MA

Filing # 33850228 E-Filed 10/29/2015 03:40:26 PM

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

DALE E. WORKMAN, individually
and
JENNIFER-EVE WORKMAN, individually
        Plaintiffs

CASE NO.   16-2015-CA-_____

DIVISION   CV-_____

v.

AMERICAN CREDIT ACCEPTANCE, LLC,
        a foreign limited liability company,
JAMES C. ADKISON
        d/b/a  Account Solutions / West Recovery,
        individually and in his capacity as
        employee, servant, representative and agent of
        American Credit Acceptance, LLC,
and
DARREN ROBERT HICKEY,
        individually and in his capacity as
        employee, servant, representative and agent of
        American Credit Acceptance, LLC, and
        James C. Adkison d/b/a
        Account Solutions / West Recovery
                Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, DALE E. WORKMAN (hereinafter "Dale E. Workman") and

JENNIFER-EVE WORKMAN (hereinafter "Jennifer Workman") (hereinafter collectively "the

Workmans", pro se, and sue the Defendants, AMERICAN CREDIT ACCEPTANCE, LLC

(hereinafter "ACA"), JAMES C. ADKISON d/b/a ACCOUNT SOLUTIONS / WEST RECOVERY

(hereinafter "West Recovery"), and DARREN ROBERT HICKEY (hereinafter "Hickey") (hereinafter

collectively "the Defendants"), and in support hereof state that:

### Nature Of This Action

1.   This is an action for personal injuries and other damages resulting from the Defendant's

breach of the peace, assault and battery of the Workmans during its unlawful attempt to

repossess their vehicle on the afternoon of June 19, 2015.

## Parties

2.   Plaintiff Dale E. Workman is, and at all relevant times was, an individual residing in Duval County, Florida, a consumer within the meaning of *§559.55(2) and §501.203(7), Fla. Stat. and 15 USC 1692a(3)*, and an account debtor, consumer debtor, consumer obligor, debtor, and obligor within the meaning of *§679.1021(1)(c), §679.1021(1)(v), §679.1021(1)(y), §679.1021(1)(bb), and §679.1021(1)(gg), Fla. Stat.*

3.   Plaintiff Jennifer Workman is, and at all relevant times was, an individual residing in Duval County, Florida, a consumer within the meaning of *§559.55(2) and §501.203(7), Fla. Stat. and 15 USC 1692a(3)*, and an account debtor, consumer debtor, consumer obligor, debtor, and obligor within the meaning of *§679.1021(1)(c), §679.1021(1)(v), §679.1021(1)(y), §679.1021(1)(bb), and §679.1021(1)(gg), Fla. Stat.*

4.   Defendant ACA is, and at all relevant times was, a foreign limited liability company organized under the laws of South Carolina with authorization to transact business in Florida and doing business in Duval County, Florida, a creditor engaged in trade or commerce within the meaning of *§559.55(3) and §501.203(8), Fla. Stat.*, and a secured party and lien creditor within the meaning of *§679.1021(1)(ttt) and §679.1021(1)(zz), Fla. Stat.*

5.   Defendant West Recovery is, and at all relevant times was, an individual residing in Bay County, Florida and doing business in Duval County, Florida, a debt collector engaged in trade or commerce within the meaning of *15 USC 1692a(6) and §501.203(8), Fla. Stat.*, and a servant, agent and representative of ACA.

6.   Defendant Hickey is, and at all relevant times was, an individual residing in Duval County, Florida, a debt collector engaged in trade or commerce within the meaning of *15 USC 1692a(6) and §501.203(8), Fla. Stat.*, a person related to a secured party and lien creditor within the meaning of *§679.1021(1)(kkk), Fla. Stat.*, and a servant, employee, agent and

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 3 of 31

representative of West Recovery and ACA, and he acted at all relevant times under the supervision, control, right of control, and direction thereof, and within the course and scope of his employment therefor.

### Jurisdiction and Venue

7. Jurisdiction is proper in this court because this is an action for damages in excess of $15,000.00 excluding interest, court costs and attorney's fees, and because it is specifically authorized by *15 USC 1692k(d)*.

8. Venue is proper in this court because one or more of the Defendants resides in Duval County, *§47.011 and §559.77(1), Fla. Stat.*, because the cause of action accrued in Duval County, *§47.011, Fla. Stat.*, because the alleged violation occurred in Duval County, *§559.77(1), Fla. Stat.*, and because it is specifically authorized by *15 USC 1692k(d)*.

9. All conditions precedent to bringing this action have been satisfied..

### Facts

10. On June 19, 2015, Dale E. Workman looked out his office window and observed a tow truck being driven recklessly and at a high rate of speed by Hickey into the parking lot of his office building, stopping directly behind his car and facing away from his 2010 Mazda 6 (hereinafter the "car"), apparently positioned to "hook" his car and tow it away.

11. In response thereto, Dale E. Workman left his office and proceeded into the parking lot to investigate.

12. As he approached, Hickey announced that he was repossessing Dale E. Workman's car.

13. Dale E. Workman immediately objected verbally and ordered Hickey to step away from the car.

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 4 of 31

14.   As he was objecting, Dale E. Workman proceeded to the driver's side of the car, unlocked the door, and sat down in the driver's seat.

15.   Hickey responded by approaching Dale E. Workman in an aggressive manner and ordering him to exit the car or be involuntarily removed from the car, after which Hickey attempted to physically, forcefully and violently extract him from the car against his will.

16.   At that time, a physical altercation ensued, with Hickey also entering the car and sitting down directly on top of Dale E. Workman, pressing him into the seat and, in the process, crushing his arms, legs and torso, preventing him from being able to move or breathe properly.

17.   At some point during that altercation, Jennifer Workman (who is Dale E. Workman's wife and worked with him in the same building) looked out her window and observed what was happening.

18.   Jennifer Workman then left her office and proceeded to the parking lot and the car, where she began pulling on Hickey in an attempt to remove him from the car and pull him off of Dale E. Workman.

19.   Hickey responded by engaging her in the physical altercation, causing her to lose her balance and fall on top of him, resulting in both she and Hickey now being directly on top of Dale E. Workman, further pressing him into the seat and crushing his arms, legs and torso.

20.   At that time, Jennifer Workman's and Dale E. Workman's combined efforts succeeded in pushing Hickey out of the car, but not out of the open doorway of the car.

21.   Dale E. Workman was then able to crawl into the back seat of the car, from which he exited through the rear passenger side door.

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 5 of 31

22. Jennifer Workman, on the other hand, was still inside the car but unable to escape the grasp of Hickey, who remained in the doorway of the car and continued to use violence in an attempt to forcefully remove her from the car.

23. Dale E. Workman then called 911 prior to rejoining the fight in an effort to protect Jennifer Workman and remove Hickey from the car.

24. Almost immediately and coincidentally (ie, not in response to the 911 call), a uniformed bailiff from the county courthouse located directly across the street (Officer A. Binkley #74748) was alerted to what was happening by passers-by, and ran to the scene.

25. As he approached the car, Officer Binkley announced his presence and ordered Hickey to release Jennifer Workman, get off of her, and exit the car.

26. Upon recognizing Officer Binkley's uniform and lawful authority, Hickey complied.

27. Officer Binkley then separated the parties from one another, at which time Officer C.E. Moody (#7610) arrived in response to the 911 call.

28. Officer Moody then joined Officer Binkley in interviewing the parties and investigating the incident, resulting in Jacksonville Sheriff's Office General Offense / Incident Report #2015-416814 being generated by Officer Moody.

29. During that investigation, Hickey falsely claimed to the officers that he had photographs on his cell phone that would support his version of the events, but he was unable to produce that cell phone when confronted by the officers.

30. During that investigation, Hickey also falsely claimed to the officers that Dale E. Workman had stolen his cell phone during the altercation, although no witnesses or evidence could be

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 6 of 31

found to support that allegation, and a search of Dale E. Workman, his immediate vicinity, the

car, and even the interior and exterior of his office building failed to produce any cell phone.

31.   During the altercation, Hickey also falsely claimed to Jennifer Workman that he had aerial

surveillance photographs showing the automobile post-repossession prior to Dale E.

Workman's arrival on the scene, but he was likewise unable to produce any aerial

surveillance photographs when asked.

32.   During the investigation, Hickey also falsely claimed that the car had been lifted onto the tow

truck boom prior to Dale E. Workman's arrival on the scene, but the car was still positioned

on the ground 15 to 20 feet away from the tow truck when both officers arrived.

33.   Hickey attempted to reconcile that allegation with the obvious and apparent facts by claiming

that Jennifer Workman had somehow gotten into the truck, lowered the boom, released the

car and pulled the truck forward during the altercation.

34.   However, the car and truck were separated upon her arrival and she was engaged with Hickey

inside the car during the entire time from her arrival on the scene until the officers' arrival

on the scene.

35.   Moreover, Jennifer Workman has no training or experience in the operation of a tow truck,

and is completely unfamiliar with the controls found therein. She would not know how to

accomplish such a feat even if given time in a calm environment to study the vehicle, much

less in the hectic and chaotic environment of the heat of a physical altercation.

36.   At approximately 6:30 pm, the investigation was concluded. All parties were released and

Hickey was instructed to allow the Workmans to leave first in the car. Consequently, he was

prevented by the officers from completing his repossession attempt.

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 7 of 31

37. Immediately after leaving the scene, the Workmans examined the car and discovered damages that did not exist prior to the incident, including but not limited to damage to the driver's side front door and to a bolt securing that door to the car, and separation of the steering column cover from the dashboard.

38. During the next several hours, both Workmans experienced increasing physical pain and soreness resulting from the physical violence inflicted by Hickey during the altercation.

39. At approximately 11:00 pm that same night, both Workmans went to St. Vincent Hospital's Emergency Room for evaluation.

40. Jennifer Workman was diagnosed with a broken bone in her right hand.

41. Dale E. Workman was diagnosed with a broken bone and torn ligaments in his left ankle.

42. Both Workmans were advised that they would eventually require surgery to properly repair their injuries.

43. At all relevant times, West Recovery was aware of, and directed, authorized, controlled, condoned, ratified, and consented to the actions of Hickey, who was at all relevant times acting as an employee, servant, representative, and agent of both West Recovery and ACA.

44. At all relevant times, ACA was aware of, and directed, authorized, controlled, condoned, ratified, and consented to the actions of both West Recovery and Hickey, who were at all relevant times acting as employees, servants, representatives, and agents of ACA.

45. Although appearing pro se, Dale E. Workman is a member in good standing of The Florida Bar, and as such he is entitled to recovery of reasonable attorney's fees for the expenditure

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 8 of 31

of his time and the use of his knowledge and expertise in prosecuting this matter.[1]

### Count I - Unlawful Repossession (Breach of the Peace)

46.     Each and every statement and allegation set forth in paragraphs 1 through 45 above are

         hereby restated, realleged and incorporated by reference as if fully set forth herein.

47.     After the Workmans allegedly defaulted on their payments for the car in question, ACA

         employed West Recovery, who in turn employed Hickey, to exercise its right to take possession

         of the collateral (ie, the car) without judicial process, pursuant to §679.609, Fla. Stat.

48.     However, §679.609(2)(b), Fla. Stat. specifically and explicitly grants to ACA the right to do

         so only "if it proceeds without breach of the peace."[2]

49.     Moreover, ACA's duty to "proceed without breach of the peace" is nondelegable, and it is

         therefore liable for any breach of the peace perpetrated by West Recovery and Hickey.[3]

50.     "To determine if a breach of the peace has occurred, courts inquire mainly into:  (1) whether

         there was entry by the creditor upon the debtor's premises; and  (2) whether the debtor or one

         acting on his behalf consented to the entry and repossession. . . . The debtor's consent, *freely*

---

[1]*Albritton v. Ferrera*, 913 So. 2d 5 (Fla. Dist. Ct. App. 2005), citing *Friedman v. Backman*, 453 So.2d 938 (Fla. 4th DCA 1984), *Quick & Reilly, Inc. v. Perlin*, 411 So.2d 978 (Fla. 3d DCA 1982), *McClung v. Posey*, 514 So.2d 1139 (Fla. 5th DCA 1987), and *Maulden v. Corbin*, 537 So.2d 1085 (Fla. 1st DCA 1989).

[2]*§679.609(2)(b), Fla. Stat.; Northside Motors of Florida, Inc. v. Brinkley*, 282 So.2d 617, 624 (Fla. 1973) ("We emphasize that the creditor may not use self-help techniques which would result in a breach of the peace. Such methods would expose the creditor to tort liability and would also expose him to liability under Florida Statute 679.507, F.S.A.").

[3]*Sammons v. Broward Bank*, 599 So.2d 1018, 1019-20 (Fla. 4th DCA 1992) ("At issue here is whether a creditor can avoid liability by hiring an independent contractor to accomplish the repossession. We conclude not. . . . The Bank's duty to repossess the Nichols' car 'without breach of the peace' was a nondelegable duty; the Bank therefore is liable for any damages caused by R.J. Control Service and its workers.").

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 9 of 31

given, legitimates any entry; conversely, *the debtor's physical objection bars repossession even from a public street*." (emphasis added).[4]

51.    In this case, there is no question that ACA, by and through West Recovery and Hickey, entered upon the Workmans' premises, thus satisfying the first prong.

52.    Likewise, there is no question that the Workmans did not consent, freely or otherwise, to the entry and repossession and, in fact, physically objected thereto, thus "bar[ring] repossession even from a public street."[5]

53.    In addition, Hickey's threats and subsequent use of violence against the Workmans while attempting to forcefully extract them from the car further created a breach of the peace, further barring his attempt to repossess the car and exacerbating the unlawfulness of his actions.[6]

54.    In addition, Hickey's disregard of Dale E. Workman's verbal objection and order to step away from the car further created a breach of the peace, further barring his attempt to repossess the

---

[4]*Marine Midland Bank-Central v. Cote*, 351 So.2d 750, 752 (Fla. 1st DCA 1977), quoting with approval J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code*. (West 1972), at pages 966-967, noting that the Florida Supreme Court also quoted the same passage with approval in *Northside Motors, supra* at 624.

[5]*Marine Midland Bank-Central v. Cote, supra.*

[6]*Northside Motors of Florida, Inc. v. Brinkley, supra* at 625 ("The creditor may not exert wrongful pressure upon the debtor to obtain repossession of the secured items. He has no right to use force and enjoys no immunity. He acts at his peril, and exposes himself to severe potential liability, including liability for punitive damages."), citing *Buie v. Barnett First National Bank of Jacksonville*, 266 So.2d 657 (Fla. 1972); *Thrasher v. First National Bank of Miami*, 288 So.2d 288, 289 (Fla. 3rd DCA 1974) ("Earlier Florida cases have recognized the principle that where a repossession involves a trespass or assault, such repossession is illegal."), citing *CIT Corp. v. Brewer*, 200 So. 910 (Fla 1941) and *CIT Corp. v. Reeves*, 150 So. 638 (Fla. 1933), both quoting *Silverstin v. Kohler Chase*, 183 Pac. 451 (Cal. 1919).

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 10 of 31

car and exacerbating the unlawfulness of his actions.[7]

55.   In addition, Hickey's infliction of damage to the car further created a breach of the peace, further

barring his attempt to repossess the car and exacerbating the unlawfulness of his actions.[8]

56.   For all of the foregoing reasons, Hickey breached the peace while attempting to repossess the

Workmans' car, and his actions were therefore not authorized by law and, in fact, they

constituted the tort of unlawful repossession, in violation of *§679.609, Fla. Stat.*

57.   Hickey is personally liable for the damages he inflicted by committing that tort upon the

Workmans.[9]

58.   Because Hickey was acting under the supervision, control, right of control, and direction of

West Recovery, and within the course and scope of his employment for West Recovery, it

is vicariously liable for the damages he inflicted by committing that tort upon the Workmans

under the doctrine of respondeat superior.[10]

59.   Because ACA's duty to proceed without breach of the peace is nondelegable, it is vicariously

---

[7]*Quest v. Barnett Bank of Pensacola*, 397 So.2d 1020, 1023 (Fla. 1st DCA 1981) (mere request that recovery agents delay their actions constitutes lack of consent under second prong of breach of the peace analysis), citing *Benschoter v. First National Bank*, 542 P.2d 1042 (Kan. 1975) (son's request that recovery agents wait for father to return was sufficient protest to invalidate self-help action).

[8]*Quest v. Barnett Bank of Pensacola, supra* at 1024 ("A breach of peace can occur if the secured party damages property of the debtor while affecting repossession.").

[9]*§679.625(2), Fla. Stat.*

[10]*Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison*, 141 So. 2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So. 2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 11 of 31

liable for the damages Hickey inflicted while committing that tort upon the Workmans.[11]

60. As a direct and proximate result of the actions of Hickey, for which ACA and West Recovery are vicariously liable, the Workmans have each suffered actual and compensatory damages in the form of pain and suffering due to broken bones and ligaments, past and future medical expenses, physical impairment, permanent disfigurement, damage to the car, loss of consortium, emotional distress, mental anguish, anxiety, fear, nervousness, worry, inability to concentrate, indignation, embarrassment, humiliation, inconvenience and loss of capacity for the enjoyment of life.

61. In addition, the Workmans are entitled to an order restraining collection, enforcement, and disposition of the car on appropriate terms and conditions. *§679.625(1), Fla. Stat.*

### Count II - Conversion

62. Each and every statement and allegation set forth in paragraphs 1 through 45 above are hereby restated, realleged and incorporated by reference as if fully set forth herein.

63. Because the Defendants did not proceed pursuant to judicial process or without a breach of the peace, the Workmans had the right to possess their personal property in the form of the car at the time of incident described herein above.

64. The Defendants knowingly, intentionally and unlawfully interfered with the Workmans' right to possess the car by exercising their own dominion and control over it in the form of attempting to take the car without any lawful authority or right to do so.

65. More specifically, Hickey knowingly, intentionally and unlawfully interfered with the Workmans' right to possess the car by blocking it into a parking space with his tow truck and

---

[11]*Sammons v. Broward Bank, supra.*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 12 of 31

impeding its ability to leave, and by preventing either of the Workmans from safely and legally driving the car away by standing in its open doorway and entering it while violently attacking them.

66.  The Defendants' interference with the Workmans' right to possess the car deprived them of the lawful possession and use of the car.

67.  While interfering with the Workmans' right to possess the car, Hickey had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to Workmans would result and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage to the Workmans.

68.  Moreover, while interfering with the Workmans' right to possess the car, Hickey engaged in conduct so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Workmans.

69.  Hickey is personally liable for the damages he inflicted while committing the tort of conversion upon the Workmans.

70.  Because Hickey was acting under the supervision, control, right of control, and direction of West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages he inflicted by committing that tort upon the Workmans under the doctrine of respondeat superior.[12]

---

[12]*Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison*, 141 So.2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So.2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

71. Because ACA's duty to proceed without breach of the peace is nondelegable, and because breach of the peace was an essential part of the conversion[13], it is vicariously liable for the damages Hickey inflicted while committing the tort of conversion upon the Workmans.[14]

72. As a direct and proximate result of the actions of Hickey, for which ACA and West Recovery are vicariously liable, the Workmans have each suffered actual and compensatory damages in the form of pain and suffering due to broken bones and ligaments, past and future medical expenses, physical impairment, permanent disfigurement, damage to the car, loss of consortium, emotional distress, mental anguish, anxiety, fear, nervousness, worry, inability to concentrate, indignation, embarrassment, humiliation, inconvenience and loss of capacity for the enjoyment of life.

73. In addition to the above damages claimed, the Workmans intend to seek leave of court to amend this complaint to seek punitive damages upon a proper showing as required by §768.72, Fla. Stat.

## Count III - Trespass to Chattel

74. Each and every statement and allegation set forth in paragraphs 1 through 45 above are hereby restated, realleged and incorporated by reference as if fully set forth herein.

75. At the time Hickey entered the car, Dale E. Workman was in actual possession thereof.

---

[13]Had there been no breach of the peace, Hickey's actions would likely have been lawful, the Workmans would not have had a lawful right to possess the car, and Hickey's actions would not have constituted conversion in the form of an unlawful interference with that right. Therefore, he would not have committed conversion but for the breach of the peace that ACA was duty-bound to prevent. By failing to honor its nondelegable duty to proceed without breach of the peace, ACA provided the foundation of illegality for Hickey's actions.

[14]*Sammons v. Broward Bank, supra.*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 14 of 31

76.   At the time Hickey entered the car, Jennifer Workman was in construction possession thereof. That construction subsequently converted to actual possession when she entered the car while attempting to eject Hickey therefrom.

77.   The Defendants knowingly, intentionally and unlawfully interfered with the Workmans' possession of the car by exercising their own dominion and control over it in the form of attempting to take the car without any lawful authority or right to do so.

78.   More specifically, Hickey knowingly, intentionally and unlawfully interfered with the Workmans' possession of the car by blocking it into a parking space with his tow truck and impeding its ability to leave, and by preventing either of the Workmans from safely and legally driving the car away by standing in its open doorway and entering it while violently attacking them.

79.   While interfering with the Workmans' possession of the car, Hickey had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to Workmans would result and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage to the Workmans.

80.   Moreover, while interfering with the Workmans' possession of the car, Hickey engaged in conduct so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Workmans.

81.   Hickey is personally liable for the damages he inflicted while interfering with the Workmans' possession of the car.

82.   Because Hickey was acting under the supervision, control, right of control, and direction of

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 15 of 31

West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages he inflicted while interfering with the Workmans' possession of the car under the doctrine of respondeat superior.[15]

83.  Because ACA's duty to proceed without breach of the peace is nondelegable, and because Hickey's actions constituted a breach of the peace[16], ACA is vicariously liable for the damages Hickey inflicted by intentionally touching and striking the Workmans.

84.  As a direct and proximate result of the actions of Hickey, for which ACA and West Recovery are vicariously liable, the Workmans have each suffered actual and compensatory damages in the form of pain and suffering due to broken bones and ligaments, past and future medical expenses, physical impairment, permanent disfigurement, damage to the car, loss of consortium, emotional distress, mental anguish, anxiety, fear, nervousness, worry, inability to concentrate, indignation, embarrassment, humiliation, inconvenience and loss of capacity for the enjoyment of life.

85.  In addition to the above damages claimed, the Workmans intend to seek leave of court to amend this complaint to seek punitive damages upon a proper showing as required by §768.72, Fla. Stat.

---

[15]*Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison*, 141 So. 2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So. 2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

[16]*Thrasher v. First National Bank of Miami*, 288 So.2d 288, 289 (Fla. 3rd DCA 1974) ("Earlier Florida cases have recognized the principle that where a repossession involves a trespass or assault, such repossession is illegal."), citing *CIT Corp. v. Brewer*, 200 So. 910 (Fla 1941) and *CIT Corp. v. Reeves*, 150 So. 638 (Fla. 1933), both quoting *Silverstin v. Kohler Chase*, 183 Pac. 451 (Cal. 1919).

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 16 of 31

---

### Count IV - Assault

86. Each and every statement and allegation set forth in paragraphs 1 through 45 above are hereby restated, realleged and incorporated by reference as if fully set forth herein.

87. By approaching Dale E. Workman in an aggressive manner and ordering him to exit the car or be involuntarily removed from the car, Hickey intentionally and unlawfully threatened to do violence to Dale E. Workman by both word and act.

88. At that time, Hickey appeared to carry out that threat.

89. That threat created in the mind of Dale E. Workman a well-founded fear that the violence was about to take place, evidenced by the fact that violence did, in fact, take place.

90. While creating that well-founded fear in the mind of Dale E. Workman, Hickey had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to Dale E. Workman would result and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage to Dale E. Workman.

91. Moreover, while creating that well-founded fear in the mind of Dale E. Workman, Hickey engaged in conduct so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Dale E. Workman.

92. Hickey is personally liable for the damages he inflicted while creating that well-founded fear in the mind of Dale E. Workman.

93. Because Hickey was acting under the supervision, control, right of control, and direction of West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages he inflicted creating that well-founded fear in the mind

of Dale E. Workman under the doctrine of respondeat superior.[17]

94. Because ACA's duty to proceed without breach of the peace is nondelegable, and because

Hickey's actions constituted a breach of the peace[18], ACA is vicariously liable for the

damages Hickey inflicted while creating that well-founded fear in the mind of Dale E.

Workman.[19]

95. As a direct and proximate result of the actions of Hickey, for which ACA and West Recovery

are vicariously liable, Dale E. Workman has suffered actual and compensatory damages in

the form of emotional distress, mental anguish, anxiety, fear, nervousness, worry, inability

to concentrate, indignation, embarrassment, humiliation, inconvenience and loss of capacity

for the enjoyment of life.

96. In addition to the above damages claimed, Dale E. Workman intends to seek leave of court

to amend this complaint to seek punitive damages upon a proper showing as required by

§768.72, Fla. Stat.

---

[17]*Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison*, 141 So. 2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So. 2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

[18]*Thrasher v. First National Bank of Miami*, 288 So.2d 288, 289 (Fla. 3rd DCA 1974) ("Earlier Florida cases have recognized the principle that where a repossession involves a trespass or assault, such repossession is illegal."), citing *CIT Corp. v. Brewer*, 200 So. 910 (Fla 1941) and *CIT Corp. v. Reeves*, 150 So. 638 (Fla. 1933), both quoting *Silverstin v. Kohler Chase*, 183 Pac. 451 (Cal. 1919).

[19]*Sammons v. Broward Bank, supra.*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 18 of 31

## Count V - Aggravated Battery

97.    Each and every statement and allegation set forth in paragraphs 1 through 45 above are hereby restated, realleged and incorporated by reference as if fully set forth herein.

98.    Hickey intentionally touched and struck both of the Workmans against their will.

99.    In doing so, Hickey intentionally and knowingly caused great bodily harm and permanent disfigurement to both of the Workmans.

100.   While intentionally touching and striking the Workmans, Hickey had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to the Workmans would result and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage to the Workmans.

101.   Moreover, while intentionally touching and striking the Workmans, Hickey engaged in conduct so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Workmans.

102.   Hickey is personally liable for the damages he inflicted by intentionally touching and striking the Workmans.

103.   Because Hickey was acting under the supervision, control, right of control, and direction of West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages he inflicted by intentionally touching and striking the Workmans under the doctrine of respondeat superior.[20]

---

[20]*Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison,*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 19 of 31

---

104.  Because ACA's duty to proceed without breach of the peace is nondelegable, and because Hickey's actions constituted a breach of the peace[21], ACA is vicariously liable for the damages Hickey inflicted by intentionally touching and striking the Workmans.[22]

105.  As a direct and proximate result of the actions of Hickey, for which ACA and West Recovery are vicariously liable, the Workmans have each suffered actual and compensatory damages in the form of pain and suffering due to broken bones and ligaments, past and future medical expenses, physical impairment, permanent disfigurement, damage to the car, loss of consortium, emotional distress, mental anguish, anxiety, fear, nervousness, worry, inability to concentrate, indignation, embarrassment, humiliation, inconvenience and loss of capacity for the enjoyment of life.

106.  In addition to the above damages claimed, the Workmans intend to seek leave of court to amend this complaint to seek punitive damages upon a proper showing as required by §768.72, Fla. Stat.

### Count VI - False Imprisonment

107.  Each and every statement and allegation set forth in paragraphs 1 through 45 above are hereby restated, realleged and incorporated by reference as if fully set forth herein.

---

141 So. 2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So. 2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

[21]*Thrasher v. First National Bank of Miami*, 288 So.2d 288, 289 (Fla. 3rd DCA 1974) ("Earlier Florida cases have recognized the principle that where a repossession involves a trespass or assault, such repossession is illegal."), citing *CIT Corp. v. Brewer*, 200 So. 910 (Fla 1941) and *CIT Corp. v. Reeves*, 150 So. 638 (Fla. 1933), both quoting *Silverstin v. Kohler Chase*, 183 Pac. 451 (Cal. 1919).

[22]*Sammons v. Broward Bank, supra.*

108. By grabbing and Dale E. Workman and attempting to remove him from the car against his will, and by subsequently entering the car and sitting down directly on top of Dale E. Workman, pressing him into the seat and, in the process, crushing his arms, legs and torso, thereby preventing him from being able to move or breathe properly, Hickey unlawfully detained and deprived Dale E. Workman of his liberty against his will.

109. By maintaining his grasp on Jennifer Workman and not allowing her to move freely until being ordered to release her and get off of her by Officer Binkley, Hickey unlawfully detained and deprived Jennifer Workman of her liberty against her will.

110. In doing so, Hickey acted without legal authority or color of authority.

111. Hickey's actions were unreasonable and unwarranted under the circumstances.

112. While detaining and depriving the Workmans of their liberty against their will, Hickey had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to the Workmans would result and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage to the Workmans.

113. Moreover, while detaining and depriving the Workmans of their liberty against their will, Hickey engaged in conduct so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Workmans.

114. Hickey is personally liable for the damages he inflicted by detaining and depriving the Workmans of their liberty against their will.

115. Because Hickey was acting under the supervision, control, right of control, and direction of West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages he inflicted by detaining and depriving the Workmans

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 21 of 31

of their liberty against their will under the doctrine of respondeat superior.[23]

116. Because ACA's duty to proceed without breach of the peace is nondelegable, and because Hickey's actions constituted a breach of the peace[24], ACA is vicariously liable for the damages Hickey inflicted by intentionally touching and striking the Workmans.[25]

117. As a direct and proximate result of the actions of Hickey, for which ACA and West Recovery are vicariously liable, the Workmans have each suffered actual and compensatory damages in the form of pain and suffering due to broken bones and ligaments, past and future medical expenses, physical impairment, permanent disfigurement, damage to the car, loss of consortium, emotional distress, mental anguish, anxiety, fear, nervousness, worry, inability to concentrate, indignation, embarrassment, humiliation, inconvenience and loss of capacity for the enjoyment of life.

118. In addition to the above damages claimed, the Workmans intend to seek leave of court to amend this complaint to seek punitive damages upon a proper showing as required by §768.72, Fla. Stat.

---

[23]*Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison*, 141 So. 2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So. 2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

[24]*Thrasher v. First National Bank of Miami*, 288 So.2d 288, 289 (Fla. 3rd DCA 1974) ("Earlier Florida cases have recognized the principle that where a repossession involves a trespass or assault, such repossession is illegal."), citing *CIT Corp. v. Brewer*, 200 So. 910 (Fla 1941) and *CIT Corp. v. Reeves*, 150 So. 638 (Fla. 1933), both quoting *Silverstin v. Kohler Chase*, 183 Pac. 451 (Cal. 1919).

[25]*Sammons v. Broward Bank, supra.*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 22 of 31

## Count VII - Negligence

119.  Each and every statement and allegation set forth in paragraphs 1 through 45 above are hereby restated, realleged and incorporated by reference as if fully set forth herein.

120.  The Defendants owed several duties of care to the Workmans to, inter alia: 1) proceed without breach of the peace, 2) not interfere with their rights to possess the car, 3) not interfere with their actual possession of the car, 4) not threaten to do violence to them, 5) not touch or strike them against their will, and 6) not detain or deprive them of their liberty against their will.

121.  The Defendants breached those duties by, inter alia: 1) committing various breaches of the peace, 2) interfering with their rights to possess the car, 3) interfering with their actual possession of the car, 4) threatening to do violence to them, 5) touching and striking them against their will, and 6) detaining and depriving them of their liberty against their will.

122.  While breaching those duties, Hickey had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to the Workmans would result and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage to the Workmans.

123.  Moreover, while breaching those duties, Hickey engaged in conduct so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Workmans.

124.  Hickey is personally liable for the damages he inflicted by breaching those duties.

125.  Because Hickey was acting under the supervision, control, right of control, and direction of West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages he inflicted by breaching those duties under the doctrine

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 23 of 31

of respondeat superior.[26]

126. Because ACA's duty to proceed without breach of the peace is nondelegable, and because
several of Hickey's actions constituted a breach of the peace, ACA is vicariously liable for
the damages Hickey inflicted by breaching those duties.[27]

127. As a direct and proximate result of the actions of Hickey in breaching those duties, for which
ACA and West Recovery are vicariously liable, the Workmans have each suffered actual and
compensatory damages in the form of pain and suffering due to broken bones and ligaments,
past and future medical expenses, physical impairment, permanent disfigurement, damage
to the car, loss of consortium, emotional distress, mental anguish, anxiety, fear, nervousness,
worry, inability to concentrate, indignation, embarrassment, humiliation, inconvenience and
loss of capacity for the enjoyment of life.

128. In addition to the above damages claimed, the Workmans intend to seek leave of court to
amend this complaint to seek punitive damages upon a proper showing as required by
§768.72, Fla. Stat.

### Count VIII - Intentional Infliction of Emotional Distress

129. Each and every statement and allegation set forth in paragraphs 1 through 45 above are
hereby restated, realleged and incorporated by reference as if fully set forth herein.

---

[26]*Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison*, 141 So. 2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So. 2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

[27]*Sammons v. Broward Bank, supra.*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 24 of 31

130. As set forth above, Hickey engaged in extreme and outrageous conduct that, under the circumstances, went beyond all possible bounds of decency and is regarded as shocking, atrocious and utterly intolerable in a civilized community.

131. In doing so, Hickey acted with the intent to cause severe emotional distress to the Workmans, or with reckless disregard of the high probability of causing severe emotional distress to the Workmans.

132. The Workmans did, in fact, suffer severe emotional distress of such intensity and duration that no ordinary person should be expected to endure it.

133. Hickey's extreme and outrageous conduct was a legal cause of that severe emotional distress, in that it directly and in natural and continuous sequence produced or contributed substantially to producing that severe emotional distress, such that it can reasonably be said that, but for Hickey's extreme and outrageous conduct, the severe emotional distress suffered by the Workmans would not have occurred.

134. While intentionally inflicting that severe emotional distress upon the Workmans, Hickey had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to the Workmans would result and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage to the Workmans.

135. Moreover, while intentionally inflicting that emotional distress upon the Workmans, Hickey engaged in conduct so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Workmans.

136. Hickey is personally liable for the damages caused by his intentional infliction of severe emotional distress upon the Workmans.

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 25 of 31

137.   Because Hickey was acting under the supervision, control, right of control, and direction of West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages caused by Hickey's intentional infliction of severe emotional distress upon the Workmans.[28]

138.   Because ACA's duty to proceed without breach of the peace is nondelegable, and because Hickey's actions constituted a breach of the peace, ACA is vicariously liable for the damages caused by Hickey's intentional infliction of severe emotional distress upon the Workmans.[29]

139.   As a direct and proximate result of Hickey's intentional infliction of severe emotional distress upon the Workmans, for which ACA and West Recovery are vicariously liable, the Workmans have each suffered actual and compensatory damages in the form of emotional distress, mental anguish, anxiety, loss of consortium, fear, nervousness, worry, inability to concentrate, indignation, embarrassment, humiliation, inconvenience and loss of capacity for the enjoyment of life.

140.   In addition to the above damages claimed, the Workmans intend to seek leave of court to amend this complaint to seek punitive damages upon a proper showing as required by §768.72, Fla. Stat.

---

[28]Cintron v. St. Joseph's Hosp., Inc., 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing Thurston v. Morrison, 141 So. 2d 291, 294 (Fla. 2d DCA 1962), Wilson v. Lee Mem'l Hosp., 65 So. 2d 40 (Fla. 1953), City of Miami v. Oates, 10 So. 2d 721 (Fla. 1942), and Nicholson v. Good Samaritan Hosp., 199 So. 344 (Fla. 1940).

[29]Sammons v. Broward Bank, supra.

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 26 of 31

## Count IX - Fair Debt Collection Practices Act (FDCPA)

141. Each and every statement and allegation set forth in paragraphs 1 through 45 above are hereby restated, realleged and incorporated by reference as if fully set forth herein.

142. Hickey and West Recovery are debt collectors within the meaning of the Fair Debt Collection Practices Act (FDCPA) in that they use "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *15 USC 1692a(6).*

143. As set forth above, Hickey engaged in "conduct the natural consequence of which is to harass, oppress, or abuse" the Workmans in connection with his attempted repossession of the car, in violation of *15 USC 1692d.*

144. Hickey further used and threatened to use "violence or other criminal means to harm the *physical person*, reputation, or *property* of" the Workmans, in violation of *15 USC 1692d(1)* (emphasis added).

145. Hickey further used "false, deceptive, or misleading representation or means" by falsely claiming to the officers that he had photographs on his cell phone that would support his version of the events, by falsely claiming to the officers that Dale E. Workman had stolen that cell phone, by falsely claiming to Jennifer Workman that he had aerial surveillance photographs showing the automobile post-repossession prior to Dale E. Workman's arrival on the scene, and by falsely claiming to the officers that the car had been lifted onto the tow truck boom prior to Dale E. Workman's arrival on the scene, all in violation of *15 USC 1692e.*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 27 of 31

146.   Hickey further threatened "to take any action that cannot legally be taken" by threatening to repossess and attempting to repossess the car after breaching the peace, in violation of *15 USC 1692e(5)*.

147.   Hickey further made a "false representation or implication that the consumer committed any crime" by falsely claiming to the officers that Dale E. Workman had stolen his cell phone, in violation of *15 USC 1692e(7)*.

148.   Hickey further used a "false representation or deceptive means" by falsely claiming to the officers that he had photographs on his cell phone that would support his version of the events, by falsely claiming to the officers that Dale E. Workman had stolen that cell phone, by falsely claiming to Jennifer Workman that he had aerial surveillance photographs showing the automobile post-repossession prior to Dale E. Workman's arrival on the scene, and by falsely claiming to the officers that the car had been lifted onto the tow truck boom prior to Dale E. Workman's arrival on the scene, all in violation of *15 USC 1692e(10)*.

149.   Hickey further used "unfair or unconscionable means," in violation of *15 USC 1692f*.

150.   Hickey further took and threatened to take "nonjudicial action to effect dispossession or disablement of property [when] -- (A) there [was] no present right to possession of the property claimed as collateral through an enforceable security interest. . . [and] (C) the property [was] exempt by law from such dispossession or disablement," by threatening to repossess and attempting to repossess the car after breaching the peace, in violation of *15 USC 1692f(6)*.

151.   Hickey is personally liable for the damages caused by his violations of the Fair Debt Collection Practices Act.

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 28 of 31

152. Because Hickey was acting under the supervision, control, right of control, and direction of West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages caused by Hickey's violations of the Fair Debt Collection Practices Act.[30]

153. Because ACA's duty to proceed without breach of the peace is nondelegable, and because several of Hickey's actions constituted a breach of the peace, ACA is vicariously liable for the damages caused by Hickey's violations of the Fair Debt Collection Practices Act.[31]

154. As a direct and proximate result of Hickey's violations of the Fair Debt Collection Practices Act, for which ACA and West Recovery are vicariously liable, the Workmans have each suffered actual and compensatory damages in the form of pain and suffering due to broken bones and ligaments, past and future medical expenses, physical impairment, permanent disfigurement, damage to the car, loss of consortium, emotional distress, mental anguish, anxiety, fear, nervousness, worry, inability to concentrate, indignation, embarrassment, humiliation, inconvenience and loss of capacity for the enjoyment of life.

155. In addition, the Workmans are entitled to recovery of statutory damages in an amount not exceeding $1,000.00, as well as their reasonable attorney's fees and costs incurred. *15 USC 1692k(a)(2)(A)* and *15 USC 1692k(a)(3)*.

---

[30] *Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison*, 141 So. 2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So. 2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

[31] *Sammons v. Broward Bank, supra.*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
· Page 29 of 31

### Count X - Florida Unfair and Deceptive Trade Practices Act (FDUTPA)

156. Each and every statement and allegation set forth in paragraphs 1 through 45 above are hereby restated, realleged and incorporated by reference as if fully set forth herein.

157. FDUTPA must be construed liberally.[32]

158. As set forth above, Hickey engaged in unconscionable, unfair and deceptive acts and practices in the conduct of a trade or commerce that offended established public policy, and those acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and substantially injurious to consumers including but not limited to the Workmans, all in violation of §501.201, Fla. Stat., et seq.

159. Hickey is personally liable for the damages he inflicted by engaging in those unconscionable, unfair and deceptive acts and practices.

160. Because Hickey was acting under the supervision, control, right of control, and direction of West Recovery, and within the course and scope of his employment for West Recovery, it is vicariously liable for the damages he inflicted by engaging in those unconscionable, unfair and deceptive acts and practices.[33]

161. Because ACA's duty to proceed without breach of the peace is nondelegable, and because several of Hickey's unconscionable, unfair and deceptive acts and practices constituted a

---

[32] *Cummings v. Warren Henry Motors, Inc.*, 648 So.2d 1230 (Fla. 4th DCA 1995).

[33]*Cintron v. St. Joseph's Hosp., Inc.*, 112 So.3d 685, 686 (Fla. App., 2013) ("Typically, respondeat superior makes employers liable for the negligence of their employees for wrongful acts committed within the course and scope of their employment."), citing *Thurston v. Morrison*, 141 So. 2d 291, 294 (Fla. 2d DCA 1962), *Wilson v. Lee Mem'l Hosp.*, 65 So. 2d 40 (Fla. 1953), *City of Miami v. Oates*, 10 So. 2d 721 (Fla. 1942), and *Nicholson v. Good Samaritan Hosp.*, 199 So. 344 (Fla. 1940).

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 30 of 31

breach of the peace, ACA is vicariously liable for the damages Hickey inflicted by engaging

in those unconscionable, unfair and deceptive acts and practices.[34]

162. As a direct and proximate result of Hickey's unconscionable, unfair and deceptive acts and

practices, for which ACA and West Recovery are vicariously liable, the Workmans have

each suffered actual and compensatory damages in the form of pain and suffering due to

broken bones and ligaments, past and future medical expenses, physical impairment,

permanent disfigurement, damage to the car, loss of consortium, emotional distress, mental

anguish, anxiety, fear, nervousness, worry, inability to concentrate, indignation,

embarrassment, humiliation, inconvenience and loss of capacity for the enjoyment of life.

163. In addition, the Workmans are entitled to recovery of their reasonable attorney's fees and

costs incurred. *§501.211(2) and §501.2105(1), Fla. Stat.*

### Prayer For Relief

WHEREFORE, it is respectfully requested that this Honorable Court enter a Final Judgment

against American Credit Acceptance, LLC, James C. Adkison d/b/a Asset Solutions/West Recovery

and Darren Robert Hickey, jointly and severally, and in favor of Dale E. Workman and Jennifer-Eve

Workman for:

a) Actual and compensatory damages in an amount to be proven at trial for each
Plaintiff which, for jurisdictional purposes, is reasonably expected to be well in
excess of $15,000.00;

b) Statutory damages in the amount of $1,000.00 for each Plaintiff, which is to be in
addition to any other remedy;

c) An order restraining the Defendants from any committing any acts relative to the
collection, enforcement, and disposition of the car;

d) Attorney's fees for Dale E. Workman; and

e) All court and other costs incurred in bringing this action for each Plaintiff.

---

[34]*Sammons v. Broward Bank, supra.*

Dale E. Workman, et al. v. American Credit Acceptance, LLC, et al.
Complaint and Demand For Jury Trial
Page 31 of 31

<u>**Demand For Jury Trial**</u>

**THE PLAINTIFFS HEREBY DEMAND** a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

Dale E. Workman, Esq.          FBN 160962
13400 Sutton Park Dr. S., Suite 1204
Jacksonville, Florida 32224
Telephone:    (904) 704-8199
Email: dworkman@workmanlawjax.com
Pro Se

Jennifer-Eve Workman
13400 Sutton Park Dr. S., Suite 1204
Jacksonville, Florida 32224
Telephone:    (904) 704-8199
Email: jworkman@workmanlawjax.com
Pro Se